UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ELIJAH REID,
   Plaintiff,

   vs.                                                     No. 10-4018

ROCK ISLAND COUNTY BOARD, et.al.,
   Defendants

MERIT REVIEW ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Elijah Reid, says his constitutional rights were violated at the Rock Island County Jail. The plaintiff says he is facing four counts of murder and asked jail staff to allow him to look up similar cases in the law library, but they refused his request. The plaintiff says when he next had a court appearance, he asked the judge for access to the law library and the judge ordered the jail to allow him one hour a day in the library. The plaintiff says the jail staff has refused to follow the court order.

      In addition, the plaintiff says jail staff have started removing books from the law library and now there are only a few left. The plaintiff says he does not have access to the books he needs.

      Finally, the plaintiff says he is on a prescription medication and the county officers are passing out his prescription without "being licensed" which is a violation of state law for delivery of a controlled substance.

      The plaintiff has not clearly stated a violation of his constitutional rights. This is not the proper avenue to address the defendants failure to follow a court ordered issued in another case. The plaintiff must bring this issue before the judge who issued the order in his pending criminal case.

      It is well-established that inmates have a fundamental right of access to the courts. *Bounds v Smith,* 430 U.S. 817, 821 (1977). However, to establish a violation, an inmate must establish: 1) that prison officials failed to provide assistance in the preparation and filing of

meaningful court papers by providing an adequate law library or assistance from a person trained in the law; and 2) some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." *Shango v Jurich,* 965 F.2d 289, 292 (7th Cir. 1992); *see also Bounds,* 430 U.S. at 828.  The right of access to the courts extends to pre-trial detainees such as plaintiff as well as convicted prisoners. *Casteel Vv. Pieschek,* 3 F.3d 1050, 1053 (7th Cir. 1993).

The plaintiff does not claim that his limited time in the law library had any specific detrimental impact on his pending criminal litigation. In addition, if the plaintiff wishes to pursue this litigation, he must state whether he is represented by counsel in his criminal case.

The court also notes that the plaintiff's claim concerning his medication does not rise to the level of a constitutional violation.  If the plaintiff is asking for state court criminal charges to be filed, a federal court is not the place to pursue this action.

Therefore, the court will dismiss the plaintiff's lawsuit for failure to state a claim upon which relief can be granted.  However, the court will allow the plaintiff one opportunity to file an amended complaint if he believes he can state a violation of his constitutional rights. *See Alston v DeBruyn,* 13 F.3d 1036, 1041-42 (7th Cir. 1994)(dismissal may be premature if based solely on the litigant's failure to allege a general or specific detriment).  The amended complaint must stand complete on its own without reference to the original complaint.  The amended complaint must: 1) state specifically how each named defendant violated the plaintiff's rights; 2) state how the limited law library time impacted his pending criminal case; and 3) state whether the plaintiff is represented by counsel in his criminal case.  If the plaintiff fails to follow the court's specific direction, his case will be dismissed.

**IT IS THEREFORE ORDERED:**

1)    **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.**

2)    **The plaintiff's motion for appointment of counsel is denied. [d/e 5] The plaintiff must be able to articulate a claim before the court will consider this motion.**

3)    **The clerk of the court is directed to provide the plaintiff with a blank complaint form.  The plaintiff must file an amended complaint on or before June 22, 2010.  If the plaintiff fails to meet this deadline or fails to follow the court's direction for the contents of this amended complaint, the plaintiff's case will be dismissed without prejudice.**

4)    **This case is now set for merit review hearing on the amended complaint**

**on June 30, 2010 by telephone conference call.**

Entered this 18th of May, 2010.

**\s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE